William L. Schanz, Esq. - State Bar No. 078044
SCHANZ LAW CORPORATION
120 Vantis, Suite 300
Aliso Viejo, CA 92656
Telephone: (949) 276-2700
Fax No.: (949) 860-7209

Attorneys for Defendants Charisma in Missions, Inc., and Marilynn Kramar, Trustee of the Marilynn Kramar Trust

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JOHN BROWN UNIVERSITY, an Arkansas Non-Profit Corporation; CHARLES W. POLLARD, Trustee of the John Brown University MMS Management Trust; EDWARD E. ERICSON III, Trustee of the John Brown University MMS Management Trust; KIMBERLY M. HADLEY, Trustee of the John Brown University MMS Management Trust;<br><br>Plaintiffs,<br><br>v.<br><br>MAJOR MARKET STATIONS, INC., a California Corporation; CHARISMA IN MISSIONS, INC., a California Corporation; MARILYNN KRAMAR, individually and as a Trustee of the Marilynn Kramar Trust; ESTHER GARZON, an individual; and E.D. I. MEDIA, INC., a California corporation,<br><br>Defendants. | CASE NO.: 15-cv-08890-AB-AGR<br><br>Hon. Andre Birotte Jr., Judge<br><br>NOTE CHANGES MADE BY THE COURT.<br><br>**JOINT STIPULATION FOR PROTECTION OF CONFIDENTIAL INFORMATION**<br><br>NOTE CHANGES MADE BY THE COURT. |

*John Brown Univ., et. al. v. Major Market Stations, Inc., et.al.*   1
*Case no.: 15-cv-08890-AB-AGR*

**JOINT STIPULATION FOR PROTECTION OF CONFIDENTIAL INFORMATION**

SUBJECT TO THE APPROVAL OF THIS COURT, THE PARTIES HEREBY STIPULATE TO THE FOLLOWING PROTECTIVE ORDER:

1.  In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers and vendors, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2.  By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3.  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. The multipage document shall be stapled or bound together so that the first and last page of the multipage document can be ascertained.

4.  Testimony taken at a deposition, ~~conference, hearing or trial~~ may be designated as confidential by making a statement to that effect on the record at the deposition ~~or other proceeding~~. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the

transcript containing information designated as confidential, and to label such portions appropriately.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action; court reporter(s) employed in this action;

c) a witness at any deposition or other proceeding in this action; and

d) any other person as to whom the parties in writing agree.

7. Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A hereto, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

8. Depositions shall be taken only in the presence of qualified persons, when ~~provided that~~ Confidential Material is shown, addressed, discussed or referred to during the deposition.

9. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—

*John Brown Univ., et. al. v. Major Market Stations, Inc., et.al.*  3
*Case no.: 15-cv-08890-AB-AGR*

**JOINT STIPULATION FOR PROTECTION OF CONFIDENTIAL INFORMATION**

ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 3 and 4 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 6(b) through (d) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. Additionally, the disclosure of Attorney's Eyes Only Material to "qualified persons" listed in subparagraph 6(c), shall only be done after the parties agree to such disclosure in writing or by Court order. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

10. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential—Subject to Court Order" and filed ~~under seal until further order of this Court.~~ with an application to file under seal in compliance with Local Rule 79-5.



11. INTENTIONALLY OMITTED. ~~In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.~~ movant

12. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any

particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

**IT IS SO STIPULATED THAT THE COURT MAY NOW ENTER ITS ORDER CONFIRMING THE ABOVE TERMS AND OBLIGATIONS.**

Respectfully submitted,

Dated: May 2, 2016                SCHANZ LAW CORPORATION

By: _William L. Schanz, Esq. /s/_
William L. Schanz, Esq.
Counsel for Defendants MAJOR MARKET STATIONS, INC., MARILYNN KRAMAR and ESTHER GARZON

*John Brown Univ., et. al. v. Major Market Stations, Inc., et.al.*
*Case no.: 15-cv-08890-AB-AGR*                5
**JOINT STIPULATION FOR PROTECTION OF CONFIDENTIAL INFORMATION**

Dated: May 2, 2016

LAW OFFICES OF EARL L. BOHACHEK

By: *Earl L. Bohachek /s/*
Earl L. Bohachek, Esq.

CONNER & WINTERS, LLP

By: *Vicki Bronson, Esq. /s/*
Vicki Bronson, Esq.
Attorneys for Plaintiffs JOHN BROWN UNIVERSITY, CHARLES W. POLLARD, EDWARD E. ERICSON III, and KIMBERLY M. HADLEY

Dated: May 2, 2016

LAW OFFICES OF ROGER C. HSU

By: *Roger C. Hsu, Esq. /s/*
Roger C. Hsu, Esq.
Attorneys for Defendant EDI MEDIA, INC.

IT IS SO ORDERED.
DATED: 5/12/2016

*Alicia Rosenberg*
UNITED STATES MAGISTRATE JUDGE

SCHANZ LAW CORPORATION
120 Vantis, Suite 300
Aliso Viejo, CA 92656
(949) 276-2700; Fax (949) 860-7209

*John Brown Univ., et. al. v. Major Market Stations, Inc., et.al.*
Case no.: 15-cv-08890-AB-AGR

6

**JOINT STIPULATION FOR PROTECTION OF CONFIDENTIAL INFORMATION**

Attachment "A"

## CONFIDENTIALITY AGREEMENT

The undersigned hereby does solemnly swear that he/she is fully familiar with the terms of the Joint Stipulation and Order for Protection of Confidential Information entered in the civil action entitled *John Brown University v. Major Market Stations, Inc., et.al.,* pending in the United States District Court for the Central District for the State of California- Western Division, Case No.: 15-cv-08890-AB-AGR., and hereby agrees to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court. The undersigned hereby consents to the jurisdiction of United States District Court for the Central District for the State of California for purposes of enforcing this Order.

Dated: _____, 2016

_____
(Print Name)

_____
(Signature)

SCHANZ LAW CORPORATION
120 Vantis, Suite 300
Aliso Viejo, CA 92656
(949) 276-2700; Fax (949) 860-7209

*John Brown Univ., et. al. v. Major Market Stations, Inc., et.al.*
Case no.: *15-cv-08890-AB-AGR*                7
**JOINT STIPULATION FOR PROTECTION OF CONFIDENTIAL INFORMATION**